UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

VELOCITY TOOLS, INC.,

                  Plaintiff,                  Case No. 1:06-CV-152

v.                                    HON. GORDON J. QUIST

NEMIC INDUSTRIAL SUPPLY
COMPANY,

                  Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

Following a hearing on January 10, 2007, on a motion by Plaintiff's attorney to withdraw as counsel for Plaintiff, the Court entered an Order granting the motion and staying the case until January 22, 2007, to give Plaintiff an opportunity to obtain new counsel. This was the Court's second order instructing Plaintiff to obtain counsel. On January 23, 2007, Defendant filed a motion to dismiss for Plaintiff's failure to obtain counsel pursuant to the Court's January 10, 2007, Order.[1] As of July 19, 2007, Plaintiff has not complied with the Court's Order.

The complaint was filed on March 3, 2006, by Barb Smith, Plaintiff's CEO, acting in pro se. On March 20, 2006, the Court entered an Order that Plaintiff, a corporation, must be represented by an attorney and that failure to obtain counsel may result in dismissal of the matter. A corporation may not appear in court through its officers or owners but must be represented by an attorney. *See*

_____

[1]Defendant filed its motion as a Rule 12(b)(6) motion to dismiss. However, because Defendant's motion is based on Plaintiff's failure to obtain counsel as required by law and as ordered by the Court, the Court construes this motion as a Rule 41(b) motion for involuntary dismissal for Plaintiff's failure to prosecute or to comply with the Court's orders.

*Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Nat'l Ass'n of Credit Mgt. v. Hubbard Lumber*, 831 F.Supp. 588, 592 (W.D. Mich. 1993).  Plaintiff subsequently obtained counsel, but since that counsel's withdrawal on January 10, 2007, no new appearance of counsel has been entered on Plaintiff's behalf.

Fed. R. Civ. P. 41(b) provides that a court may dismiss any action or claim for "failure of the plaintiff to prosecute or to comply with these rules or any order of court."  A court considering dismissal pursuant to Rule 41(b) looks to four factors: "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."  *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980)).

Because Plaintiff corporation lacks counsel and cannot appear in court, Plaintiff has been unable to respond to Defendant's motion, and the Court does not know whether Plaintiff has attempted to obtain new counsel.  However, Plaintiff bears the fault for its failure to obtain new counsel.  Plaintiff's former counsel withdrew due to communication difficulties with Plaintiff, Plaintiff's unwillingness to follow counsel's advice and direction, and counsel's lack of confidence that Plaintiff would produce documents requested by Defendant. (Br. in Supp. Mot. to Withdraw as Counsel for Pl. (docket no. 25).)  Plaintiff has had more than six months to find new counsel.

Defendant has been prejudiced because Plaintiff has not participated in discovery and failed to comply with the Court's Order of February 7, 2007, directing Plaintiff to produce discovery documents.  As a result, the case has not been advanced since Plaintiff's counsel withdrew.  For example, because Plaintiff does not have counsel, it has not responded to Defendant's motions to compel discovery, to dismiss for failure to obtain counsel, and to dismiss under Rule 37 for failure to produce discovery materials.  Moreover, the Court's deadlines to complete discovery and to file dispositive motions have passed during this time.

Finally, where a party "has not been given notice that dismissal is contemplated, 'a district court should impose a penalty short of dismissal unless the derelict party has engaged in bad faith or contumacious conduct.'" *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) (quoting *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir.1988) (internal quotations omitted)). In this case, however, Plaintiff had notice that its failure to obtain counsel could result in dismissal of its complaint.  The Court's March 20, 2006, Order Requiring Appearance of Counsel directed Plaintiff to obtain counsel and warned that "[f]ailure to do so may result in dismissal of the matter." Both that Order and the Court's January 10, 2007, Order informed Plaintiff that a corporation must be represented by an attorney.  Defendant's motion to dismiss filed on January 23, 2007, also gave Plaintiff notice that dismissal was possible.  Plaintiff has not obtained new counsel as of July 19, 2007.  Although less drastic sanctions have not been imposed on Plaintiff, Plaintiff has demonstrated an unwillingness to comply with the Court's orders and cannot prosecute this matter without counsel, and the Court is not convinced that a lesser sanction would have any effect Plaintiff's conduct.

3

Based on these factors, the Court concludes that Plaintiff's complaint should be dismissed with prejudice for Plaintiff's failure to comply with the Court's January 10, 2007, Order directing Plaintiff to obtain counsel.

Defendant has also filed a motion to dismiss based on Plaintiff's failure to comply with the Court's order compelling discovery entered on February 7, 2007.  Because the Court concludes that the case should be dismissed for Plaintiff's failure to comply with the Court's order that it obtain counsel, Defendant's motion for dismissal under Rule 37 is moot.  Therefore,

**IT IS HEREBY ORDERED** that the Defendant's motion to dismiss for failure to obtain counsel (docket no. 30) is **GRANTED**.  Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss pursuant to Rule 37 (docket no. 36) is **DISMISSED AS MOOT**.


Dated:  July 19, 2007                           ____/s/ Gordon J. Quist_____
                                                GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE